UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DEONTA WALKER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>　　　　Respondent. | Case No. 5:17-cv-01931-DMG (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the Petition [Doc. # 1], the Answer to the Petition filed by Respondent [Doc. # 9], the Supplement to Petition [Doc. # 30], the Supplemental Return filed by Respondent [Doc. # 39], the Reply to the Answer filed by Petitioner [Doc. # 40], the Report and Recommendation of the United States Magistrate Judge [Doc. # 45, "R&R"], Petitioner's Request for Judicial Notice [Doc. # 48], Petitioner's Request for Stay and Abeyance [Doc. # 49, "Request for Stay"] filed by Petitioner, and Petitioner's Objections to the R&R [Doc. # 53]. The Court has undertaken a de novo review of the portions of the R&R to which objections have been made. The Court concurs with and accepts the findings and recommendation of the Magistrate Judge.

In his post-R&R Request for Stay and supporting request for Judicial Notice, Petitioner contends that, pursuant to Senate Bill 1437 and Cal. Penal Code Section 1170.95, California has abolished accomplice liability for first degree murder under the felony murder theory and the natural and probable consequences theory. According to Petitioner, because of changes to Cal. Penal Code Section 189, "the controversy in [Grounds Four through Nine] no longer exist[s]." [Doc. # 48 at 3.] Petitioner seeks a stay so he "can obtain appropriate relief with the state court, or [un]less this Court finds it irrelevant to go back down to state court and can resolve the matter." [Doc. # 49 at 1-2.]

The Court finds that it would be futile to grant a stay to exhaust this claim because it is plainly meritless. First, Petitioner essentially seeks resentencing based on Section 1170.95, which provides a means of vacating the conviction and resentencing a defendant. This claim is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Second, it does not appear Petitioner would qualify for resentencing. A person convicted of felony murder or murder under a natural and probable consequences theory may be entitled to resentencing where the petitioner could not have been convicted of first or second degree murder because of changes to Section 188 or 189. In this case, Petitioner still could have been convicted under Section 189. Section 189(e) provides:

> A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: (1) the person was the actual killer. (2) The person was not the actual

killer, but, with the intent to kill, aided, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.

Cal. Penal Code 189(e).

The jury in this case found true the robbery-murder special circumstance allegation. Thus, the jury necessarily found that Petitioner was a major participant in the crime and he acted with reckless indifference to human life. Volume 3, Clerk's Transcript on Appeal, page 728. As a result, the Request for Stay is DENIED.

IT IS HEREBY ORDERED that:
1. Petitioner's Request for Stay [Doc. # 49] is DENIED;
2. Petitioner's request for an evidentiary hearing is DENIED; and
3. Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: December 26, 2019

DOLLY M. GEE
United States District Judge